## HOWARD O. FIROR *vs.* CHARLES J. M. TAYLOR AND E. SAXTON.

*Joint defendants; appeals; consolidation.   Joint tort feasors; failure of evidence as to some—; non-suit.   Prayers; stating facts incorrectly; assuming facts; "no evidence," when erroneous.   Negligence; loading and driving of wagons.*

When one of two or more parties, against whom a judgment at law has been entered, desire to appeal, the application should be made to the Court of Appeals for a writ of summons and severance.                                    p. 78

But where two appeals by joint defendants have been consolidated, with leave of the Court of Appeals, they may be treated as a joint appeal.                              p. 78

In a suit against two or more joint tort feasors, if the evidence fails to connect one or more of the defendants with the tort, the plaintiff may consent to a non-suit against such defendant or defendants either after or before the conclusion of his case; or, in such a suit, at the end of a plaintiff's case, if there is no evidence against one or more of the defendants, the Court may direct such defendant or defendants to be acquitted before any part of the defence is gone into.    p. 78

In a suit against several joint defendants in an action of tort the ground of recovery as against "S." was the negligence of his agents or servants in loading a wagon, that occasioned the injury complained of; a prayer that there was no evidence legally sufficient to prove that the loading of the wagon on the day set forth in the declaration was done in a negligent manner, and that the verdict should be for the defendant "S.," was in proper form, since the date referred to was admitted to be the one on which the accident occurred.    p. 79

Where the prayers refer to the pleadings it is sufficient to require the Court to examine them.                          p. 79.

The mere fact that timber or other articles hauled in a wagon projected over its sides and protruded over the sidewalk is not evidence of carelessness in loading.              p. 80

A prayer, by one joint defendant in an action of tort, that there is no evidence legally sufficient to entitle the plaintiff to recover, is erroneous, if there is any evidence against the other defendants, although the prayer only asks for a verdict in favor of the defendant against whom there was no evidence.                                                    p. 81

A prayer is erroneous when based on facts not consistent with the theory of the case.                                         p. 81

Prayers assuming facts which should be left to the consideration of the jury are erroneous.                                 p. 81

A prayer which mistakes the facts alleged in the declaration is erroneous.                                                   p. 81

Where a plaintiff consents to a verdict in favor of one or more joint defendants in an action of tort, the proper practice is to file an amended *narr.* against the other defendant.    p. 83

*Decided June 22nd, 1911.*

Two appeals in one record from the Baltimore City Court (ELLIOTT, J.).

The following are the prayers in the case:

*Plaintiff's 1st Prayer.*—"If the jury shall find from the evidence that the plaintiff was standing on the sidewalk at or near the corner of Fayette and St. Paul streets, in Baltimore City, and that he was exercising ordinary care, that is, such case as a reasonably prudent person would ordinarily exercise under like circumstances, and shall further find that a wagon belonging to, and in charge of an agent or servant of the defendant Howard O. Firor, was driven along the street, near to said corner; and shall further find that the said wagon was loaded with boards or timbers nailed together that extended or projected over and beyond the sides of said wagon, and shall further find that the said boards or timbers so nailed together, had been so placed or loaded upon said wagon by the agents or servants of the defendant E. Saxton, for the purpose of having said boards or timbers hauled or

carried for the said Saxton, through the streets of Baltimore City, from Howard street to German street, and shall further find that in so loading said wagon the agents or servants of said defendant E. Saxton, did not exercise such care and caution as a reasonably prudent person would ordinarily exercise under like circumstances, and shall further find that the agent or servant of the defendant Howard O. Firor, in a negligent and careless manner, that is in such manner as a reasonably prudent person would not have driven said wagon under like circumstances, drove said wagon along the street at or near the corner of Fayette and St. Paul street, and that the plaintiff was struck by the boards or timbers with which said wagon was loaded, and was injured, then the verdict of the jury must be for the plaintiff against both defendants, Howard O. Firor and E. Saxton." (*Granted in connection with defendant's 9th, 11th and 12th prayers.*)

*Plaintiff's 2nd Prayer.*—"If the jury shall find a verdict for the plaintiff, in estimating the damages they are to consider the physical condition of the plaintiff before the injury complained of, as compared with his present condition in consequence of said injury, and also the physical and mental suffering to which he was subjected by reason of the said injury, and to allow such damages as in the opinion of the jury will be a fair and just compensation for the injury which he has sustained." (*Granted.*)

*Defendant Howard O. Firor's 1st Prayer.*—"The Court instructs the jury that the plaintiff has adduced no legally sufficient evidence under the pleadings in this case to entitle him to recover as against the defendant Howard O. Firor, and that as to the said defendant Howard O. Firor, the verdict of the jury must be for the defendant." (*Refused.*)

*Defendant Howard O. Firor's 2nd Prayer.*—"The Court instructs the jury that the plaintiff having alleged in his Declaration that the wagon mentioned in the evidence belonged to all the defendants, and that at the time he was injured the said wagon was in charge and under the control of the agents and servants of said defendants, and that the

plaintiff's injuries were due to the negligence and careless acts of said defendants, there is no evidence in this case legally sufficient to entitle the plaintiff to recover under the pleadings and their verdict must be for the defendants." (*Refused.*)

*Defendant Howard O. Firor's 3rd Prayer.*—"The Court instructs the jury that under the whole evidence in this case there has been produced no evidence legally sufficient under the pleadings to entitle the plaintiff to recover as against the defendant Howard O. Firor, and that as to the said defendant Firor, the verdict of the jury must be for the defendant." (*Refused.*)

*Defendant Howard O. Firor's 4th Prayer.*—"The Court instructs the jury that there is no evidence in this case legally sufficient to show that the driver of the wagon mentioned in the evidence was at the time the plaintiff was injured, as testified to by him, the servant of the defendant Howard O. Firor, and their verdict should, therefore, be in favor of the said defendant." (*Refused.*)

*Defendant Howard O. Firor's 5th Prayer.*—"The Court instructs the jury that if they find that the plaintiff directly contributed to the injuries alleged to have been sustained on the 21st day of March, 1910, by his own want of due care, that it so say—such care as a reasonably prudent man would exercise under like circumstances, then he is not entitled to recover in this case, and their verdict should be for the defendants." (*Refused.*)

*Defendant Howard O. Firor's 6th Prayer.*—"The Court instructs the jury that if they find that the position in which the plaintiff was standing was so near to the curb of the street, and so near to the southwest intersection of Fayette and St. Paul streets, as to render an accident probable, with teams passing along Fayette street, and turning down St. Paul street, and if they shall further find that the plaintiff stood in that position with his back toward the curb, and shall further find that the plaintiff in thus taking that position was not exercising the care that an ordinarily prudent

person would exercise under like circumstances, then the plaintiff is not entitled to recover, and their verdict should be for the defendants." (*Granted.*)

*Defendant Howard O. Firor's 7th Prayer.*—"The Court instructs the jury that if they find that the plaintiff was standing in the position on the sidewalk at the corner of St. Paul and Fayette streets, Baltimore City, and in close proximity to the fire-alarm box as testified by him, and shall further find that as the wagon mentioned in the evidence in this case approached said corner, the plaintiff was warned of the danger of his position in respect to the contents of said wagon alleged to protrude over the said pavement or sidewalk, and that the plaintiff was heedless of said warning and remained in said position, and the jury further believe that an ordinarily prudent man under like circumstances in the exercise of ordinary care would have moved from said position, and they further find that if the plaintiff had so moved from said position he would not have been injured, then he is not entitled to recover, and their verdict should be for the defendants." (*Refused.*)

*Defendant Howard O. Firor's 8th Prayer.*—"The Court instructs the jury that according to the undisputed evidence in this case the wagon mentioned in the evidence was hired by the defendant Firor, to the other defendants, or some of them, and that the said other defendants, under the terms of said hiring had full power and control over the said wagon, and the driver thereof, and could make such use of the same as they might deem proper; and that at the time of said accident the said wagon and driver were in the service of the said other defendants, and were not under the control of the said defendant Firor; that, therefore, the said defendant Firor, is not responsible for the said accident, and as to said defendant Firor, the verdict of the jury must be for the defendant." (*Refused.*)

*Defendant Howard O. Firor's 9th Prayer.*—"The Court instructs the jury that if at the time the plaintiff was injured as testified to by him they shall find the wagon men-

tioned in the evidence was engaged in hauling some material from one section of the city to another, and shall further find that while said wagon was so engaged the driver thereof was not under the direction and control of the defendant Howard O. Firor, but was under the direction and control of the party or parties for whom said material was being hauled, then said driver was not the servant of the said defendant Firor, but was the servant of the party or parties for whom the material was being hauled, and the said Firor is not responsible for any act or negligence of the said driver, and their verdict should, therefore, be in favor of the said defendant Firor." (*Granted.*)

*Defendant Howard O. Firor's 10th Prayer.*—"The Court instructs the jury that if they find the injuries to the plaintiff as testified to by him were caused by the plaintiff being caught between the material loaded upon the wagon mentioned in the evidence, and a fire-alarm box located at the corner of St. Paul and Fayette streets, and shall further find that the defendant Howard O. Firor had nothing to do with the fact of said material being loaded upon said wagon, and nothing to do with the manner of the loading thereof, and shall further find that but for the fact that the said material was so loaded or placed upon said wagon as to project a foot or a foot and one-haalf beyond the limits of the wagon (if the jury shall so find), the injuries to the plaintiff would not have happened, then their verdict should be in favor of the said defendant Firor." (*Granted.*)

*Defendant Howard O. Firor's 11th Prayer.*—"The Court instructs the jury that if they find that the wagon mentioned in the evidence in this case was hired to the defendant Saxton by the defendant Firor, and that the said defendant Saxton under the terms of said hiring had full power and control over the said wagon, and the driver thereof, and could make such use of same as the said defendant Saxton, might deem proper, while the same was engaged in his work, and that at the time of the said accident the said wagon and driver were in the service of said Saxton, then the said driver

is the servant of the said Saxton and the defendant Firor is not responsible for the acts or negligence of the said driver." (*Granted.*)

*Defendant Howard O. Firor's 12th Prayer.*—"If the jury find that the defendant Firor, was not in control of the work being done by the driver, Soper, and of Soper's actions in the performance of that work at the time the plaintiff was injured as testified to by him, then there can be no recovery against the said defendant Firor." (*Granted.*)

*Defendant E. Saxton's 1st Prayer.*—"The defendant E. Saxton, prays the Court to instruct the jury that there is no evidence in this case legally sufficient to entitle the plaintiff to recover, and their verdict must be for the defendant E. Saxton." (*Refused.*)

*Defendant E. Saxton's 2nd Prayer.*—"The defendant E. Saxton, prays the Court to instruct the jury that if they find from the evidence that the immediate cause of the accident was due to the fact that the driver of the wagon turned the corner of Fayette and St. Paul streets too short, then their verdict must be for the defendant E. Saxton." (*Granted.*)

*Defendant E. Saxton's 3rd Prayer.*—"The defendant E. Saxton, prays the Court to instruct the jury that there is no evidence legally sufficient to prove that the loading of the wagon on the day set forth in the declaration, was done in a negligent manner, and their verdict must be for the defendant E. Saxton." (*Refused.*)

*Defendant E. Saxton's 4th Prayer.*—"The defendant E. Saxton, prays the Court to instruct the jury that there is no evidence in this case legally sufficient to show that at the time of the commission of the injury to the plaintiff, the defendant E. Saxton, his servants and agents, were in control of the wagon mentioned in the declaration, and that, therefore, their verdict must be for the defendant E. Saxton." (*Refused.*)

*Defendant E. Saxton's 5th Prayer.*—"The defendant E. Saxton, prays the Court to instruct the jury that from the

evidence in this case the immediate cause of the injury to the plaintiff was due to the negligent driving of the wagon in question by the agents of the defendant Howard O. Firor, and that their verdict must, therefore, be in favor of this defendant, E. Saxton." (*Refused.*)

*Defendant E. Saxton's 6th Prayer.*—"The defendant E. Saxton, prays the Court to instruct the jury that under the pleadings and evidence in this case, the said E. Saxton, or his agents, had no custody or control of the wagon owned and operated by Howard O. Firor, or his agents, at the time of the accident, and, therefore, their verdict must be for the defendant, E. Saxton." (*Refused.*)

*Defendant E. Saxton's 7th Prayer.*—"The defendant E. Saxton, prays the Court to instruct the jury that the uncontradicted evidence in this case shows that the defendant Howard O. Firor, is a contractor, engaged in the business of hiring and letting teams for hauling; that he received compensation from the defendant E. Saxton, for work done; that the said Howard O. Firor, employed the driver, owned the teams, as well also the wagon drawn by the horses; that he took care of the wagons, fed the horses, and paid the drivers, and that at the time of the injury complained of the said team was in the control of the agent and servant of the said Howard O. Firor, and not under the control of the agents or servants of this defendant E. Saxton, and that the said Howard O. Firor, is an independent contractor, and their verdict must be for the defendant, E. Saxton." (*Refused.*)

*Defendant E. Saxton's 8th Prayer.*—"The defendant E. Saxton, prays the Court to instruct the jury that if they find from the evidence in this cause that the co-defendant Howard O. Firor, is a contractor, engaged in the business of hiring and letting teams for hauling; and if they further find that the said Howard O. Firor received compensation from the defendant E. Saxton, for work done; and if they further find that the said Howard O. Firor was the owner of the horse and wagon mentioned in the evidence, which he let,

and furnished a driver by the day; and if they further find that the horse and the wagon and the driver were, at the time of the injury complained of, let by the said defendant Howard O. Firor, to this defendant, E. Saxton, and that the said team was under the direction and the control of the servant of the said Howard O. Firor except in so far as it was necessary for this defendant E. Saxton, to give instructions as to what to load, how to load, where to go, and when and where to unload, and if they further find that the injuries complained of were due alone to the fact that the driver of the said wagon turned the corner of Fayette and St. Paul streets so close to the curb that the projection of the platform mentioned in the evidence came in contact with the plaintiff, then their verdict may be for the defendant E. Saxton." (*Granted.*)

The two cases were consolidated and argued together before BOYD, C. J., BRISCOE, PEARCE, BURKE, PATTISON, URNER and STOCKBRIDGE, JJ.

*Joseph N. Ulman, Frederick T. Dorton* and *William C. Smith,* for the appellants.

*Edwin Burgess* and *D. Eldridge Monroe,* for the appellees.

BOYD, C. J., delivered the opinion of the Court.

The appellee sued the Pittsburg Valve Foundry Construction Company and the Mayor and City Council of Baltimore, together with the two appellants (Firor and Saxton) now before us, for injuries alleged to have been sustained by him by being struck by beams or timbers which protruded over a sidewalk in Baltimore while being carried in a wagon through one of its streets. During the course of the trial verdicts were rendered in favor of the two corporations, but a verdict was also rendered against the two individual defendants, upon which a judgment was entered. They took separate appeals, which upon motion in this Court were consolidated.

The case is a peculiar one, as each of the two appellants seeks to put the responsibility upon the other. As it had been recently repeated by us that when one of two or more parties against whom a judgment has been entered at law desires to appeal, he should apply to this Court for a writ of summons and severance (*Oldenburg* v. *Dorsey,* 102 Md. 172; *P., B. & W. R. Co.* v. *Stumpo,* 112 Md. 571), it would perhaps have been better to have pursued that course, but as the appeals were with our leave consolidated, we will treat them as 'a joint appeal, although the fact that some of the exceptions were taken by the one or the other of them makes the record somewhat confusing.

The first exception of Defendant Firor will first be briefly referred to. When the first witness mentioned in the exception was on the stand, the plaintiff called for the contract between the Mayor and City Council of Baltimore and the Pittsburg Company and after examination of it, one of the counsel for the plaintiff stated that they were satisfied that the City of Baltimore was not liable and they consented to a verdict in its favor. Accordingly, a verdict was rendered at once in favor of the Mayor and City Council of Baltimore and judgment was entered thereon. The Defendant Firor then moved to stay further proceedings upon the ground that judgment had been entered in favor of the said defendant, but the motion was overruled. There was no error in that ruling. It is well settled that in a suit against joint tort-feasors the plaintiff may submit to a non-suit as to such of the defendants as the evidence does not sufficiently connect with the tort in question, but, as was said in 1 *Poe on Pl. and Pr.,* section 527, "in actions of tort against several defendants, if, at the end of the plaintiff's case, there is no evidence against one more of the defendants, the practice is for the Court to direct such defendant or defendants to be acquitted before any part of the defence is gone into." In the recent case of *Diamond State Co.* v. *Blake,* 105 Md. 570, we said on page 579: "The proper practice undoubtedly was to have taken the verdict when the prayer was granted, but

it was overlooked." That referred to a prayer which had been granted at the conclusion of the plaintiff's case instructing a verdict to be entered for one of the defendants. Such being the practice, there can be no possible reason, when, when the plaintiff is satisfied that one of the defendants cannot be held liable, why such a verdict cannot be rendered before the conclusion of the plaintiff's case, as well as when it is concluded. No objection to the verdict in favor of the Mayor and City Council of Baltimore or of the Pittsburg Company, which was also acquitted at the end of the plaintiff's case, can, therefore, affect the right of the plaintiff to recover against the other defendants, if otherwise entitled to do.

Nor do we think that these appellants could validly object to the allowance of the amendment of the declaration, and hence there was no error of which Firor can complain in the rulings in his sixth and seventh bills of exceptions.

We deem it proper at this point to pass on some of the prayers offered by the defendants, instead of considering the other exceptions in their regular order. The Defendant Firor offered twelve and the Defendant Saxton eight. Saxton's third prayer asked the Court to instruct the jury "that there is no evidence legally sufficient to prove that the loading of the wagon on the day set forth in the declaration was done in a negligent manner, and their verdict must be for the defendant, E. Saxton." If that prayer had relied simply on the fact that the accident occurred on a different day from that named in the declaration, that, of course, would not have been sufficient to defeat recovery, but that was not the point, as there was no question about the date—the day alleged in the declaration, March 21, 1910, was the one on which the accident occured, as shown by the plaintiff's own testimony and the other evidence. Without relying on the fact that in a number of other prayers the Court's attention was called to the pleadings, which was sufficient to require the Court to examine them, as we decided in *Fletcher* v. *Dixon,* 107 Md. 428, this prayer specifically referred to the declara-

tion. In the declaration, as amended, the ground of recovery as against Saxton was based on the distinct and only allegation that the "wagon was negligently and carelessly loaded by the agents and servants of the defendant, E. Saxton, with beams or timbers which protruded over said pavement or sidewalk," etc.

There is no evidence in the record which tends to show negligence on the part of Saxton's servants in loading the wagon. Surely the mere fact that the platform protruded over the wagon is not evidence of negligence. If that be so, it might be impossible to haul a platform or other article which was wider than a wagon on which it is carried, without being guilty of negligence, while it is a fact known to every one that many articles are hauled through the streets of cities and towns which project over and beyond the edge of the wagons on which they are hauled. The testimony shows that this platform projected a foot, or at most a foot and a half, beyond the wagon and that it was loaded not only in the usual, but the only way it could have been. It may be true that if it had not projected beyond the wagon at all the accident would not have happened, but that fact does not make it negligence on the part of Saxton's servants in loading the wagon. The evidence offered on the part of the plaintiffs is to the effect that it was the carelessness of the driver which caused the injuries. He could see that the platform projected, and some of the evidence shows that before he started the wagon he examined it to see how the platform was placed on it, and if there was occasion to drive up to the curb he ought to have at least warned any one standing as the plaintiff was, with his back to the wagon, of the approach of the wagon and have stopped his team, if the warning was not heeded. Inasmuch, then, as there was no evidence of negligence on the part of Saxton or his servants in loading the wagon, his third prayer should have been granted, as that was the only charge of negligence in the declaration on his part.

As his first prayer asked the Court to say there was "no evidence legally sufficient to entitle the plaintiff to recover" it was properly refused, as there was evidence against Firor, and although he only asked for a verdict in his favor the jury might have been misled. As the right of the plaintiff to recover against Saxton was not based on the facts set out in the fourth prayer, the Court could not grant that, under its theory of the case as shown by its rejection of the third. The fifth assumed that the cause of the injury was due to the negligent driving of the wagon by the agents or Firor, and, as that was a question for the jury, it was properly rejected. What we have said as to the fourth applies to the sixth. The same thing may be said as to the seventh, with the additional statement that he got quite as much under the eighth as he could ask under the pleadings. It also follows from what we have said that his first exception to the plaintiff's first prayer should have been sustained. The second exception to that prayer was not well taken, as will be seen by what we say in passing on the demurrer to the declaration.

The first, third and fourth prayers of Defendant Firor were properly rejected. There was in our judgment sufficient evidence to require the Court to submit the case to the jury against him. The second does not correctly state the facts relied on as alleged in the amended declaration, and hence was properly rejected. It alleged that the wagon belongd to Firor, and not to all of the defendants. We think the sixth as favorable to the defendants as could have been asked under the evidence as to contributory negligence. The testimony does not sustain the seventh. It is true that there was some evidence that one of the men on the wagon gave an alarm, but there is nothing to show that the plaintiff heard the warning or knew that it was intended to warn him of the contents of the wagon, or that he was in danger. The undisputed evidence is not such as is stated in the eighth prayer and hence it was properly rejected. His ninth, tenth, eleventh and twelfth having been granted, we are of

the opinion that he cannot complain as to the rulings on his prayers, or to overruling his exceptions to the plaintiff's first prayer.

As the plaintiff's first prayer submitted the question of negligence of Saxton's agents in loading the wagon, and concluded with the right to recover against both defendants, there was error in granting it, as we have said there was no such evidence. As we have seen, there was a special objection to it on that ground. No objection has been urged against the plaintiff's second prayer, which refers only to the measure of damages.

It would serve no good purpose to discuss in detail the exceptions to testimony not already referred to. Firor's second and ninth as to profits included questions which properly went to the jury. His third, fourth and fifth are not now very material under our view of the case, but it is clear that by the questions included in them, the defendant Saxton was endeavoring to show that Firor, and not he, was responsible for the acts of the driver, which was relevant under the position taken by the lower Court. The eighth is not stated very clearly, but apparently the Court ordered stricken out what was objected to, as it was hearsay.

It only remains to refer to the demurrers. The one to the amended declaration presents a rather novel question. By that declaration the plaintiff declared against the four defendants mentioned at the beginning of this opinion, but the allegations of what was claimed to be negligence were confined to these two appellants, and then concludes "and by reason of the said negligent and careless acts of the defendants the plaintiff was compelled to expend large sums of money for medical attendance, and was compelled to abandon a lucrative business in which he had been engaged." It was perhaps intended to refer in the clause just quoted to the appellants alone by the words "the defendants," as the other two had already had verdicts in their favor, but in the first part of the amended narr. the four are named as "defendants." It was doubtless the result of making interlineations

in the narr. at the trial table, but technically the narr. was defective. It would not do to permit a plaintiff to sue four persons and then show on the face of the declaration that only two of them, according to his claim, were responsible. It is true that the other two had been discharged, but if for any reason it was deemed proper or desirable to continue their names in the declaration, there ought to have been some statement showing that they had been acquitted, or some reason given for not alleging that they were joint tort-feasors with the appellants. The proper practice was to leave the original narr. in the case and file a new one against the two, if it was desired to limit the allegations of negligence against the appellants, and it could then have been stated that the suit was originally against the four, but the other two had been discharged by the verdicts in their favor. It may be that no injury was in point of fact done the appellants by including the other two in the amended narr., but it might cause confusion, and is not justified by any principle of pleading that we are aware of.

The narr. ought also to have more definitely alleged that the plaintiff was struck by the said timbers by reason of the said negligent and careless acts of the agents and servants of the two defendants, or something to that effect. It might be that the servants of Saxton did negligently and carelessly load the wagon, but that such negligence and carelessness had nothing to do with the accident. Or the servants of Firor may have driven along the public highway near to the sidewalk in a negligent and careless manner, but such negligence and careless driving may not have contributed to the injury. as the timbers might have fallen off the wagon by reason of the negligent way in which they were loaded, and have struck the plaintiff. We have stated above the conclusion of the narr., but that applied to the claim of damages and not to the statement of the case, and, as we have seen, the four parties were named as "defendants."

If it had been shown that Saxton's servants negligently and carelessly loaded the wagon, and by reason of that negli-

gence and carelessness and the negligent and careless driving of Firor's servants combined, the injuries were sustained, we would have no difficulty about the question as to whether the negligence of Saxton's servants was the proximate cause, provided the two were properly connected in the *narr.* It might be that the negligence of the one would not have caused the injury, but if the negligence of both contributed to it the law does not in such cases make fine distinctions in determining which was the proximate cause. That is illustrated by *Conowingo Bridge Co.* v. *Hedrick,* 95 Md. 669, and *Penn. Steel Co.* v. *Wilkinson,* 107 Md. 574. So without further discussion of it, we are of the opinion that the demurrer to the amended declaration should have been sustained. In view of what we have said, it is unnecessary to pass on the rulings to the demurrer to Saxton's pleas to the amended declaration, excepting to say that he could have gotten the benefit of what they alleged under the general issue plea and he was not injured by the rulings of the Court.

Although we are of the opinion that the third prayer offered by Saxton should have been granted, we will not reverse the judgment without awarding a new trial as to him, but as there was a joint judgment against the two we will follow the practice of this Court in such cases and award a new trial as to both.

> *Judgment reversed and new trial awarded,*
> *the appellee to pay the costs.*