EBEN C. RYDER'S ADMR. *v.* FRANK C. HAYWARD.

May Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1924.

*Motion to Strike Out Inaccurate Photographs and Testimony—
    Argument of Counsel—Harmless Error—Negligence—
    Manner of Loading and Transporting Goods over High-
    ways Governed by Prudent Man Rule—Load Projecting to
    Side or Rear of Vehicle Not Negligence Per Se.*

1.  Where a witness for plaintiff, after testifying on cross-exami-
    nation as to the position of decedent when defendant drove
    past him, marked a cross on certain photographs fixing such
    position, and later in trial it appeared that the photographs
    were inaccurate to show the situation as it existed on the
    date of decedent's injury, court did not err in overruling
    plaintiff's motion to strike out photographs and testimony of
    witness as to cross thereon, the inaccuracy being trivial, de-
    fendant not basing any claim thereon or using such inaccu-
    racy to the prejudice of the witness or plaintiff's case, and
    plaintiff having ample opportunity to correct and explain such
    inaccuracy.

2.  Unfounded and unwarranted statement of defendant's counsel
    in argument, not adequately withdrawn, that decedent was
    not a proper traffic officer and was acting without authority
    in the street when injured, although error, was not prejudi-
    cial, where the court instructed the jury in express terms
    that decedent was rightfully in the street.

3.  The driver of an automobile, transporting an angle iron, which

projected beyond the mud-guard on the left side, had a right to transport it in such manner, but in so doing was bound to use the care that a prudent man would exercise in like circumstances.

4. One may transport his goods over the highway in wagons, automobiles, or other vehicles, loaded thereon or therein as he may deem best, provided that in so transporting them he uses the care that a prudent man would use, which is care commensurate with the dangers created by the undertaking.

5. The law does not prescribe manner in which goods shall be loaded, and that the load projects to the side or rear is not negligence *per se*.

ACTION OF TORT for negligence. Plea, general issue. Trial by jury at the December Term, 1923, Addison County, *Thompson*, J., presiding. Verdict and judgment for the defendant. The plaintiff excepted. The opinion states the case. *Affirmed.*

*S. Hollister Jackson* and *Edna G. Jennings* for the plaintiff.

*Jones & Jones for the defendant.*

POWERS, J. On September 7, 1922, Eben C. Ryder was acting as traffic officer in the street in front of the south entrance to the fairground in the city of Rutland, where the annual fair was then being held. The defendant was driving a Ford touring car southerly on this street. In the rear of this car, the defendant was transporting an angle iron, which projected out beyond the mudgard on the left side. He was not going to the fair, but was bound for a shop situated further south. The plaintiff's evidence tended to show that the defendant's car was going at the rate of ten or fifteen miles an hour, and that when it came to where Ryder was standing the projecting iron hit him on the neck, causing injuries that resulted in almost immediate paralysis and finally death. The evidence of the defendant tended to show that the iron did not hit Ryder, and that his paralysis and death were due to other causes. This tort action was brought by Ryder in his lifetime, and is now prosecuted by his administrator. A jury trial resulted in a verdict for the defendant, and the case comes here on the plaintiff's exceptions, three of which, only, are relied upon.

[1]    Clarence E. Quinn saw all that took place at the time in question, and was one of the most important witnesses for the plaintiff.   In cross-examination, he testified that Ryder stood in the middle of the street opposite the entrance to the fairground when the defendant drove past him, and at the request of the defendant's counsel, he marked a cross on certain photographs produced by the latter as fixing the place.   Later in the trial, it appeared that these photographs did not correctly show the situation as it existed on the date named, in that the building of which the entrance was a part had been moved twenty-five feet to the south and twenty feet to the west, which would make the cross indicating Ryder's position too far south, and the testimony of Quinn inaccurate to that extent.   In view of this situation, counsel for the plaintiff moved that the photographs and the testimony in relation to the cross thereon be stricken out.   This motion was overruled, and an exception saved.

The inaccuracy thus occasioned was quite too trivial to make the ruling erroneous.   It was of no importance whether Ryder was twenty-five feet north or south of a given point.   All agreed that he was in or near the middle of the cement road, and at a point opposite or nearly opposite the entrance.   It is not made to appear that the defendant based any claim upon or made any use of the inaccuracy to the prejudice of the standing of the witness or the plaintiff's case.   Moreover, Quinn was recalled by the plaintiff later in the trial, and thus had an adequate opportunity to set himself right by correcting his statement and explaining the inadvertence therein, if he or counsel thought it worth while.

[2]    In argument, counsel for the defendant asserted that Ryder "was not a proper traffic officer, so far as the evidence appears, acting with authority."   The plaintiff's attorney objected to this statement as unwarranted, and claimed an exception.   The court allowed the exception, saying that he thought the evidence showed that Ryder was rightfully there in the street directing traffic.   The statement was not adequately withdrawn, and being unfounded and unwarranted, it was error to allow it to stand.   But prejudice is not made to appear.   The court instructed the jury in express terms that Ryder was rightfully in the street.   The exception is unavailing.

[3-5]    The court charged the jury that the defendant had a right to transport the angle iron over the highway in the manner he was transporting it, but in so doing was bound to use the care that a prudent man would exercise in like circumstances. To this, the plaintiff excepted on the ground that the defendant's right to so transport the iron was a question for the jury and not for the court.

The instruction embodies a correct statement of the law. One may transport his goods over the highway in wagons, automobiles, or other vehicles, loaded thereon or therein as he may deem best, provided that in so transporting them he uses the care that a prudent man would use—care commensurate with the dangers created by his undertaking. The law does not undertake to prescribe the manner in which the goods shall be loaded, and the fact that it projects to the side or to the rear is not negligence *per se*. *Firor* v. *Taylor*, 116 Md. 69, 81 Atl. 389; *Girtman Bros.* v. *Eaton*, 64 Fla. 69, 59 So. 397; *Dennison* v. *North Penn. Iron Co.*, 22 Pa. Sup. Ct. 219. If it was, a farmer could not lawfully cart his hay along the highway, a millman could not haul his lumber over it, a telephone company could not draw its poles through the street of a city, without adopting new methods. That this iron projected as it did was simply one of the facts that bore upon the kind and amount of caution that the defendant was bound to take in moving it over the highway.

*Judgment affirmed.*